JULIO TÓRRES, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ANGEL ACOSTA QUINTERO, JUEZ, demandado.

No. 562.—*Sometido:* Febrero 16, 1927. *Resuelto:* Febrero 25, 1927

1. DESISTIMIENTO Y ''NON SUIT''—INVOLUNTARIO—SU EFECTO EN GENERAL—SOBRESEIMIENTO RESPECTO A UNO DE VARIOS DEMANDADOS EN ACCIÓN MANCOMUNADA Y SOLIDARIA.—En acción que surge de una obligación mancomunada y solidaria, el sobreseimiento del pleito en cuanto a uno de los deudores, sea o no válido, no es óbice para que, si la acción del demandante es meritoria, éste obtenga sentencia contra el deudor emplazado debidamente.

2. CERTIORARI—NATURALEZA Y FUNDAMENTOS—RESOLUCIONES U ÓRDENES DE TRIBUNALES INFERIORES—SOBRESEIMIENTO RESPECTO A UNO DE VARIOS DEMANDADOS—ACCIÓN MANCOMUNADA Y SOLIDARIA.—En acción que surge de una obligación mancomunada y solidaria, aún cuando el sobreseimiento del pleito en cuanto a uno de los deudores puede ser erróneo, si el objeto del peticionario es el obtener sentencia contra el sólo deudor que fué debidamente emplazado, no habiendo perjuicio, no hay razón para expedir auto de *certiorari* para revisar la validez de la orden de sobreseimiento.

SOLICITUD para que se expida AUTO DE CERTIORARI para revisar resolución de *Angel Acosta Quintero,* J. (Ponce), disponiendo el sobreseimiento de un caso respecto a un co-demandado. *Denegado.*
*Leopoldo Tormes,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta es una solicitud para que se expida un auto de *certiorari,* en la cual el peticionario alega que el haber archivado la corte inferior el caso contra uno de los demandados le impide obtener sentencia contra el otro, habiendo sido ambos demandados conjuntamente, pero sin que se emplazara a aquél a cuyo nombre se dictó la orden de archivo y sobreseimiento.

La causa de acción surgió de una obligación solidaria y

mancomunada. El demandante originalmente pudo emplazar a uno de los deudores, mas no al otro, debido a hallarse éste fuera de Puerto Rico. Posteriormente este último regresó a Ponce, pero cuando se le emplazó o trató de emplazársele, logró demostrar que se le había notificado demasiado tarde, ya que no se le había emplazado dentro del año de haberse iniciado el pleito. Entonces la corte ordenó el archivo y sobreseimiento del pleito contra él.

[1] No se ha levantado cuestión alguna en cuanto a si el emplazamiento se hizo o no dentro de tiempo. Parece admitirse que no se hizo a tiempo. El peticionario tan sólo alega que la orden de archivo y sobreseimiento le perjudica y le impide obtener sentencia contra el deudor que fué debidamente emplazado. La teoría aparentemente es que cuando hay deudores mancomunados y solidarios y se demanda a ambos, el archivar el caso en cuanto a uno de ellos es *res adjudicata* en cuanto al otro, y cita el caso de *Central Banking & Security Company* v. *U. S. Fidelity and Guaranty Company*, 51 L.R.A. (N. S.) 797. El peticionario presentó una moción de reconsideración, pero la corte ratificó su resolución anterior.

El caso citado no sostiene la contención del peticionario. Dicho caso aparentemente resuelve lo contrario, pero de todos modos, la cuestión era si el sobreseer un caso contra ciertos fiadores podría alegarse que constituía *res adjudicata* en un pleito contra otros fiadores que tal vez estaban en igual situación. No nos detendremos más a analizar el caso. El peticionario mismo llama la atención al artículo 96 del Código de Enjuiciamiento Civil, el cual dispone lo siguiente:

"Cuando la acción es contra dos o más demandados responsables solidaria o mancomunadamente en un contrato, y se hiciere la citación a uno o más de aquéllos, pero no a todos, el demandante puede proceder contra los demandados citados, tal como si fuesen los únicos demandados."

Por tanto, sea o no válida la orden de sobreseimiento, el peticionario tiene perfecto derecho, si su causa de acción es meritoria, a obtener sentencia contra el deudor que ha sido emplazado debidamente. Tal vez podría levantarse una cuestión distinta en una obligación exclusivamente mancomunada (*joint*), pero aquí se trata de una acción mancomunada y solidaria. La orden de sobreseimiento no es óbice, y el hecho alegado de que no se registró sentencia solamente podría ayudar en vez de perjudicar al peticionario.

[2] El sobreseimiento del caso puede haber sido erróneo, pero si el objeto del peticionario es obtener sentencia contra el deudor que fué emplazado debidamente, no vemos que haya habido perjuicio ni hay razón para que se expida un auto de *certiorari*.

*Debe denegarse la petición.*